ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, April 25, 2022 4:58:35 PM
CASE NUMBER: 2022 CV 01852 Docket ID: 36260238
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS
## FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| JIMMIE LASLEY<br>923 Maplehurst Ave.<br>Dayton, OH 45402 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC.<br>ZSDA-0453<br>2578 Corporate Pl.<br>Miamisburg, OH 45342 | ) ) ) ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| **Serve also:** | ) ) | **JURY DEMAND ENDORSED HEREIN** |
| FedEx Ground Package System, Inc.<br>c/o CT Corp. System (Stat. Agent)<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | ) ) ) ) ) | |
| -and- | ) ) | |
| FedEx Ground Package System, Inc.<br>ZSDA-0453<br>8650 Byers Rd.<br>Miamisburg, OH 45342 | ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Jimmie Lasley by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES

1. Lasley is a resident of the city of Dayton, Montgomery County, Ohio.

2. Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx") is a foreign-incorporated, for-profit company that conducts business throughout the state of Ohio and others.

3. The relevant location of the events and omissions of this Complaint took place was 2578 Corporate Pl., Miamisburg, OH 45342.

4. FedEx is, and was at all times hereinafter mentioned, Lasley's employer within the meaning of R.C. § 4112 et seq.

## JURISDICTION & VENUE

5. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

6. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

7. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. Within two years of the adverse employment actions described herein, Lasley filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge No. DAYB6 (29874) 10142021; 22A-2022-00183C ("OCRC Charge").

10. On March 10, 2022, the OCRC issued and mailed a Notice of Right to Sue letter to Lasley regarding the OCRC Charge.

11. Lasley received the Right to Sue letter from the OCRC in accordance with 42 U.S.C. § 2000e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit1.

12. Lasley has filed this Complaint on or before the statute of limitations set forth in R.C. § 4112 et seq.

## FACTS

13. Lasley is a former employee of FedEx.

14. At all times noted herein, Lasley was qualified for his position(s) with FedEx.

15. At all times noted herein, Lasley could fully perform the essential functions of his job(s), with or without a reasonable accommodation.

16. Lasley worked for FedEx as a powered industrial truck switcher from October 9, 2018, until FedEx unlawfully terminated Lasley's employment on or about July 27, 2020.

17. Lasley is African American and had a Worker's Compensation injury during his employment. He is thus in protected classes for his race and disability, respectively.

18. FedEx had notice of Lasley's protected classes during his employment.

19. Lasley initially began at FedEx after interviews with Brandon Groves (operations manager, Caucasian) and Jacob Fishback (unloading operations manager, Caucasian – Fishback later became the primary operations manager after Groves left in or around 2019).

20. Lasley's early employment was overall positive, or at least without significant issue.

21. From late 2019 into early 2020 however, Lasley ran into issues with Kameron Azbill (operations manager, Caucasian).

22. Azbill often micromanaged and nitpicked Lasley, often cursing Lasley out for switching out the trailers too slowly or other inaccurate criticisms.

23. Azbill had a habit of picking on his African American subordinates, Lasley was just another casualty in Azbill's efforts to remove the People of Color from his employee roster. Azbill's treatment was disparately not inflicted on his Caucasian employees.

24. Deion Ramey (scanner, African American) was another recipient of Azbill's disparate treatment, upon information and belief.

25. Ramey refused to take Azbill's abuse and ended up walking off the job in or around early 2020.

26. This treatment continued through the end of Lasley's employment, but luckily Lasley faced a slight reprieve after his injury due to the fewer in-person interactions with Azbill going forward.

27. On or about June 6, 2020, Lasley suffered an injury at work.

28. As Lasley prepared some food at home, he suffered flare up of his chronic back pain. Pain shot through his spine and extremities, rendering him nearly immobile.

29. Lasley was able to make his way to the emergency room but was quickly sent out due to the ongoing pandemic.

30. Instead, Lasley scheduled the soonest appointment he could with his primary doctor in late July 2020.

31. On or about July 22, Lasley met with his doctor and received a note requiring work restrictions going forward.

32. Lasley turned in the note to Derrick Welch (security specialist, Caucasian) shortly after.

33. On or about July 27, shortly after Lasley had clocked out of his shift, Azbill approached him.

34. Azbill asked Lasley to move some heavy boxes (too heavy per Lasley's restrictions).

35. Lasley politely refused as he had already clocked out for his shift and the instruction went beyond his accommodations anyway.

36. This made Azbill furious, so he reported Lasley's refusal to Patrick Steltsams (senior operations manager, Caucasian).

37. Azbill and Steltsams then both approached Lasley. Steltsams asked if Lasley had said anything to the effect of, "fuck [Azbill]," and again instructed Lasley to break his accommodations and move the boxes.

4

38. Lasley denied cursing at Azbill (despite that Azbill cursed at him frequently), and offered to clock back in and do the work as instructed (despite his accommodations).

39. Azbill and Steltsams told Lasley to "shut the fuck up" and terminated his employment. Lasley promptly left as instructed.

40. After Lasley left FedEx, he called Kyle LNU (HR, race unknown) and reported Steltsams and Azbill's refusals to follow his accommodations and his recent discriminatory termination.

41. Kyle (LNU) agreed that Lasley had been fired wrongfully and told him to come in for his next regularly scheduled shift as he was not fired. This conversation with Kyle (LNU) was a protected activity.

42. On or about July 28, 2020, as soon as Lasley came in for his next shift, Azbill approached him and told him to leave.

43. Azbill then threatened to call the police – an adverse action against Lasley that would discourage other employees from making similar protected complaints of discrimination. This was additional retaliation against Lasley's protected actions.

44. Azbill then handed Lasley a termination letter and told him to leave. Lasley's employment was thus fully terminated.

45. FedEx's purported reason(s), or lack thereof, for Lasley's employment termination was pretextual.

46. FedEx actually terminated FedEx's employment discriminatorily against his actual or perceived disability, to avoid providing him a reasonable accommodation, his race, and/or in retaliation against his protected complaints.

47. As a result of the above, Lasley has suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, *et seq.*

48. Lasley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. Lasley is in a protected class for his disabilities (described *supra*).

50. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

51. Defendant treated Lasley differently than other similarly situated employees based upon his disability.

52. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Lasley differently from other similarly situated employees outside his protected class.

53. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Lasley's disability.

54. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Lasley's disability.

55. Lasley incurred emotional distress damages as a result of Defendant's conduct described herein.

56. As a direct and proximate result of Defendant's acts and omissions, Lasley has suffered and will continue to suffer damages.

## COUNT II: FAILURE TO ACCOMMODATE

57. Lasley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Lasley requested accommodations from Defendant to assist with his disabilities including taking time off for medical reasons.

59. Lasley's requested accommodations were reasonable.

60. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

61. Defendant failed to engage in the interactive process of determining whether Lasley needed an accommodation.

62. Soon after Lasley provided medical restrictions to Defendant, Defendant terminated Lasley's employment.

63. Defendant terminated Lasley's employment rather than permit him to follow his medical restrictions; therefore, Defendant failed to provide an accommodation.

64. Defendant violated R.C. § 4112 et seq. by failing to provide Lasley with a reasonable accommodation.

65. As a direct and proximate result of Defendant's acts and omissions, Lasley has suffered and will continue to suffer damages.

## COUNT III: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.*

66. Lasley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Lasley is African American, and thus is in a protected class for his race.

68. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

69. Defendant treated Lasley differently than other similarly situated employees based upon his race.

70. Defendant's termination of Lasley was an adverse employment action against him.

71. Defendant's purported reason(s) for Lasley's termination was pretextual.

72. Defendant actually terminated Lasley's employment due to his race.

73. Defendant violated R.C. § 4112 *et seq.* by terminating Lasley because of his race.

74. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Lasley differently from other similarly situated employees outside his protected class.

75. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Lasley's race.

76. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Lasley's race.

77. Lasley incurred emotional distress damages as a result of Defendant's conduct described herein.

78. As a direct and proximate result of Defendant's acts and omissions, Lasley has suffered and will continue to suffer damages.

## COUNT IV: RETALIATION

79. Lasley restates each and every prior paragraph of this complaint, as if it were fully restated herein.

80. As a result of the Defendant's discriminatory conduct described above, Lasley complained of the discrimination, harassment, and disparate treatment he was experiencing.

81. Subsequent to Lasley's complaints to management about harassment, bullying, and disparate treatment toward him, Defendant took adverse employment actions against Lasley, including, but not limited to, terminating his employment.

82. Defendant's actions were retaliatory in nature based on Lasley's opposition to the unlawful discriminatory conduct.

83. Pursuant to R.C. § 4112 *et seq.*, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

84. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Lasley, he has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Lasley demands from Defendant the following:

a) Issue a permanent injunction:
   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;
   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;
   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;
   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and
   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;
b) Issue an order requiring Defendant to expunge Lasley's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Lasley for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Lasley's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

                                        Respectfully submitted,

                                        __/s/ Evan R. McFarland____
                                        Evan R. McFarland (0096953)
                                        Matthew G. Bruce (0083769)
                                              Trial Attorney
                                        Brianna R. Carden (0097961)
                                        SPITZ, THE EMPLOYEE'S LAW FIRM
                                        Spectrum Office Tower
                                        11260 Chester Road, Suite 825
                                        Cincinnati, OH 45246
                                        Phone: (216) 291-0244 x173
                                        Fax:   (216) 291-5744
                                        Email: Matthew.Bruce@SpitzLawFirm.com
                                        Email: Evan.McFarland@SpitzLawFirm.com
                                        Email: Brianna.Carden@SpitzLawFirm.com

                                        Attorneys for Plaintiff Jimmie Lasley

## JURY DEMAND

Plaintiff Jimmie Lasley demands a trial by jury by the maximum number of jurors permitted.

                                       /s/ Evan R. McFarland
                                       Evan R. McFarland (0096953)